JONES, Chief Justice,
specially concurring:
¶ 42 I write specially because of my past adherence to the rule in State v. Huerta, 175 Ariz. 262, 855 P.2d 776 (1993). The automatic reversal required by Huerta has been followed by this court since 1993. The rule had certain “bright line” attraction that gave trial judges clear direction. But it has been a rigid rule, allowing virtually no latitude for non-prejudieial error in jury selection and requiring retrial even in cases where the jury, as ultimately empaneled, meets the constitutional standard of impartiality and where substantial justice has nevertheless been served. The practice imposed an unnecessary strain on judicial resources. Yet, when Huerta was decided, it occurred to me that the rule would assure closer adherence to prerequisite constitutional standards.
*202 ¶ 43 In contrast, it is also true that courts among the several states have not been united on this question. Some have followed the rule of automatic reversal; others have not. More recently, the United States Supreme Court issued its opinion in United States v. Martinez-Salazar, 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000). The discussion and analysis of that case in today’s principal opinion is adequate and need not be repeated here. Suffice it to say Martinez-Salazar appears sound as a jurisprudential matter in that reviewing courts need simply be satisfied that each petit jury meets the constitutional standard of impartiality, even where the defendant has exercised a peremptory challenge to correct the trial judge’s erroneous refusal to dismiss a potential juror for cause.
¶44 Constitutional language guaranteeing the right to trial by an impartial jury is identical in both the federal and state constitutions. I see no reason to expand the right in state matters under the Arizona Constitution. It is acknowledged that Martinez-Salazar does not answer all questions relating to the use of peremptory challenges where the judge erroneously refuses to strike for cause. Notwithstanding, the Supreme Court emphatically eschews the automatic reversal rule which this court adopted in Huerta. For these reasons, consistent with the rationale set forth in today’s opinion, I join that opinion.
NOTE: Justice STANLEY G. FELDMAN sat for oral argument but retired prior to the filing of the opinion and therefore did not participate in the opinion.